UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| FARMWORKER JUSTICE, PESTICIDE ACTION & AGROECOLOGY NETWORK (PAN) NORTH AMERICA, and CENTER FOR FOOD SAFETY, <br><br> *Petitioners*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and LEE ZELDIN, in his official capacity as Administrator, <br><br> *Respondents*. <br><br> Syngenta Crop Protection, LLC, <br><br> *Intervenor*. | Case No. 25-8118 |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER
GOVERNING CONFIDENTIALITY**

Respondents United States Environmental Protection Agency, et al. ("EPA"),

requests that the Court enter a protective order governing the production, use, and

submission of certain confidential and otherwise restricted information contained

in the administrative record for this action. In support of this motion, EPA states

the following:

1

1.      This petition challenges EPA's issuance of November 5, 2025 registration of one technical and four end use pesticide products containing the new active ingredient cyclobutrifluram.

2.      The certified index to the administrative record was filed on March 31, 2026.

3.      The administrative record includes hundreds of pages of documents that may contain confidential business information (including trade secrets and proprietary information), or information otherwise protected by Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") Section 10, 7 U.S.C. § 136h.  These potential confidential and otherwise protected materials in the administrative record cannot be disclosed to the parties in this action without permission from the registrant or applicant that submitted the information, a determination that the information does not qualify as confidential business information, or an appropriate protective order from the Court.  *See* 7 U.S.C. § 136h; 40 C.F.R. §§ 2.204(c)(1), 2.204(c)(2)(i), 2.209, 2.307.  In fact, FIFRA Section 10(f) imposes civil and criminal penalties on any federal employee who willfully discloses material protected by FIFRA Section 10(b) to any person not entitled to receive it. *See* 7 U.S.C. § 136h(f).

4.      Accordingly, EPA requests that the Court enter the attached proposed protective order.  Granting this request will not unreasonably delay these

proceedings or prejudice any party. Rather, it will facilitate EPA's expeditious production of the administrative record in this action.

5.      The attached proposed protective order is substantively similar to the protective order entered in *Center for Biological Diversity, et al. v. EPA*, No. 20-73146 (9th Cir.).

6.      Undersigned counsel contacted counsel for Petitioners and Respondent-Intervenor Syngenta Crop Protection, LLC, who indicated their clients do not oppose entry of the attached proposed protective order.

EPA respectfully requests that the Court grant its unopposed motion and issue the attached proposed protective order governing confidentiality.

Dated: April 2, 2026.

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

/s/ Mario A. Luna
Mario A. Luna
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 532-3357
Email: Mario.Luna@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of April, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

*/s/ Mario A. Luna*
Mario A. Luna

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FARMWORKER JUSTICE,
PESTICIDE ACTION &
AGROECOLOGY NETWORK
(PAN) NORTH AMERICA, and
CENTER FOR FOOD SAFETY,

      *Petitioners*,

  v.

UNITED STATES
ENVIRONMENTAL PROTECTION
AGENCY; and
LEE ZELDIN, in his official capacity
as Administrator,

      *Respondents*.

Syngenta Crop Protection, LLC,

      *Intervenor*.

Case No. 25-8118

**[PROPOSED] PROTECTIVE ORDER**

1. The following Protective Order shall govern the production, use, and submission of Protected Information in the course of the above-captioned action and preclude inappropriate use of such information for purposes other than this action. Protected Information shall be submitted to the court only in accordance with this Protective Order.

2. "Protected Information" for purposes of this Protective Order means any material that may be covered by the restrictions in 7 U.S.C. § 136h(b),

1

(d)(1)(A)-(C), and (g), or material or words with rights that may be protected under the U.S. Copyright Act of 1976, Pub. L. No. 94-553, 90 Stat. 2541, codified, as amended, as Title 17 of the U.S. Code or which, in the good-faith opinion of EPA, are likely to contain protected copyright information.

3. Protected Information that is or becomes publicly available in a manner that does not violate this Protective Order or other relevant confidentiality requirements shall not constitute Protected Information, and to the extent a party obtains information outside the context of this action by means other than through a violation of this Protective Order or other confidentiality requirement, that party shall not be limited in its use of such information by this Protective Order.

4. **Labeling of Protected Information**

   a. With respect to Protected Information that may be exchanged among the parties or submitted to the court, a party may, in the course of this action, designate as Protected Information any document or portion of a document, material, or other information (electronic or otherwise), provided that the party designating the document, material, or other information as Protected Information believes in good faith that such document, material, or other information by itself or in combination

2

with other documents, material, or other information satisfies the definition of Protected Information.

b. All Protected Information, including any correspondence, documents, DVDs, or other material or media (electronic or otherwise) exchanged containing Protected Information, shall be marked "SUBJECT TO PROTECTIVE ORDER."

5. **Distribution of Protected Information**

a. Protected Information produced for purposes of this action shall be received and held in strict confidence and shall be used only for the purposes of this action and shall not be used (except by the owner of such information) for any purpose outside of this action.

b. With the exception of copyrighted material addressed in paragraph 5.h below, Protected Information produced for purposes of this action shall be disclosed only to the following:

   i. the court;

   ii. outside counsel for the parties to this action, including counsel's employees and support staff;

   iii. in-house litigation counsel for Petitioners and Petitioners' employees assisting in this action;

3

    iv.  in-house litigation counsel for Respondent-Intervenor and its affiliates and their employees assisting in this action;

    v.  employees of the United States, subject to the provisions and prohibitions of Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") section 10, 7 U.S.C. § 136h, and 18 U.S.C. § 1905, and the other provisions of this Protective Order;

    vi.  expert consultants retained by any party to assist in this action, including their employees and support staff.

c.  Counsel and other individuals listed in 5.b.ii-5.b.vi have the obligation to reasonably limit and control the number of employees and support staff who have access to Protected Information produced for purposes of this action and to ensure that each such person is aware of and complies with the terms and conditions of this Protective Order.

d.  Any individual listed in 5.b.ii-5.b.vi shall sign a certification (Attachment A hereto) indicating that he or she has received a copy of this Protective Order and agrees to be bound by its terms. For each company, firm, or organization, only one such certification is needed, provided that the individual certifying has the authorization to sign on behalf of all individuals who would be required to sign individually. Counsel of record for each party shall be responsible for obtaining all

4

certifications required by this Protective Order in advance of any disclosure that may be permitted by this Protective Order and shall be responsible for maintaining in safekeeping all original certifications.

e.  Any individual listed in 5.b.ii-5.b.vi shall sign an Affirmation of Non-Multinational Status, provided as Attachment B, that it will comply with the requirements of FIFRA Section 10(g), 7 U.S.C. § 136h(g). Notwithstanding the foregoing, any individual who is unable to execute such affirmation because they are an employee of a multinational entity shall indicate so in writing and shall receive only Protected Information for which their employer, or the party on whose behalf the individual is acting in this action, is the data submitter or generator. For each company, firm, or organization, only one such affirmation is needed, provided that the individual affirming has the authorization to sign on behalf of all individuals who would be required to sign individually. Counsel of record for each party shall be responsible for obtaining all affirmations required by this Protective Order in advance of any disclosure that may be permitted by this Protective Order and shall be responsible for maintaining in safekeeping all original affirmations.

f. Nothing in this Protective Order shall limit the use by a party of its own Protected Information or prevent a party from disclosing its own Protected Information to any person, except that employees of the United States remain bound by any relevant statutory or regulatory restrictions regarding disclosure of information.

g. No person may further disseminate any Protected Information produced for purposes of this action except as expressly authorized in this Protective Order.

h. Notwithstanding the requirements of (b)-(c), any party may—in briefs, pleadings, oral arguments, or any other material filed with or presented to the Court—make use of materials marked in the index as Protected Information because of copyright to the extent such use is consistent with the fair use requirements under federal copyright law. However, complete reproduction or substantial excerpt of such materials (such as in an appendix or joint appendix) must be filed in accordance with Ninth Circuit Rule 27-13.

6. **Certified Index of the Administrative Record**

a. Federal Respondents, United States Environmental Protection Agency, et al. ("EPA"), filed a certified index in the above-captioned case on March 31, 2026. Individual documents that the EPA believes

in good faith are likely to contain Protected Information are identified in the index accordingly. EPA shall produce any portion of the administrative record EPA believes in good faith is likely to contain Protected Information with a designation of "SUBJECT TO PROTECTIVE ORDER." All other portions of the administrative record shall be produced without that designation.

b. Any party to the above-captioned case may seek to de-designate as Protected Information any portion of the administrative record.

c. A party seeking to de-designate as Protected Information any portion of the administrative record shall first meet and confer with counsel for the EPA as to whether agreement can be reached.

d. If agreement is reached, any party may then file a letter with this court indicating that an agreement has been reached and stating which portion of the administrative record shall be de-designated.

e. If no agreement is reached, a party may file with this court a motion to de-designate the portion of the administrative record by sealed motion.

f. Any party may file a response to the motion to de-designate within the time prescribed by Federal Rule of Appellate Procedure 27(a)(3). The

moving party may file a reply within the time prescribed by Federal Rule of Appellate Procedure 27(a)(4).

g.  The portion of the administrative record at issue shall be considered Protected Information until the disposition of the motion to de-designate.

7.  **Procedures to Govern the Filing of Protected Information**

a.  The following procedures shall govern any filing with this court containing Protected Information.

b.  Briefs and Excerpts of Record:

   i.  Each party shall file a public version of any brief (including the opening, answering, and reply briefs) and excerpts of record (including original and supplemental) and shall redact any Protected Information and any material designated as "SUBJECT TO PROTECTIVE ORDER."

   ii.  Each party also shall file simultaneously, under seal, an unredacted version of any brief or excerpts of record that has been publicly filed with redactions. The unredacted version shall be submitted using the "Notice of Filing Document Under Seal and Sealed Document Submitted for Filing" electronic

8

filing event and shall attach this order in lieu of the required notice of sealing.

iii. Within 30 days after the Petitioners' reply brief or final excerpts of record is filed, the parties shall file with the court **one** joint motion to seal using the "Motion to Maintain Document Under Seal" electronic filing event.

    1. The motion shall request the least restrictive scope of redactions and shall be limited in scope to only the specific documents or portion of documents that merit redactions.

    2. The motion shall explain the specific reasons redactions are necessary and describe the potential for irreparable injury in the absence of such relief.

    3. If the parties disagree as to whether any material should be redacted, the parties shall present their respective positions within the motion.

iv. The motion and the unredacted version of the brief and excerpts of record will be provisionally sealed pending a disposition on the motion.

9

c.  For filings containing Protected Information other than the Briefs and Excerpts of Record:

    i.  Each party shall file a public version of any filing and shall redact any Protected Information and material designated as "SUBJECT TO PROTECTIVE ORDER."

    ii.  Each party also shall file simultaneously, under seal, an unredacted version of the filing that has been publicly filed with redactions. The unredacted version shall be submitted using the "File Notice of Filing Document Under Seal and Submit Sealed Document" electronic filing event and shall attach this order in lieu of the required notice of sealing.

    iii.  Within 30 days after the filing, the parties shall file with the court **one** joint motion using the "File Motion to Maintain Under Seal" electronic filing event.

        1.  The motion shall request the least restrictive scope of redactions and shall be limited in scope to only the specific documents or portion of documents that merit redactions.

10

2. The motion shall explain the specific reasons redactions are necessary and describe the potential for irreparable injury in the absence of such relief.

3. If the parties disagree as to whether any material should be redacted, the parties shall present their respective positions within the motion.

iv. A party may move to have an entire filing or an entire exhibit filed under seal using the "File Motion to File Document Under Seal and Submit Sealed Document" electronic filing event. Where a party moves to file under seal an entire filing, the moving party does not need to file a public version of the filing as indicated in 7.c.i above. Where a party moves to file under seal an entire exhibit, the party shall comply with the requirements of 7.c.i above and shall include a placeholder page for the exhibit sought to be sealed with the text "EXHIBIT PROVISIONALLY FILED UNDER SEAL."

v. The motion and the unredacted version of the filing will be provisionally sealed pending a disposition on the motion.

11

8. **Duration**

    a. Confidentiality under this Protective Order is to be maintained both during and after the termination of this action.

    b. Within 90 days after termination of this action, meaning the issuance of an order of dismissal or final judgment that is no longer subject to appeal, the parties shall destroy or return to counsel for the producing party all Protected Information, including all copies thereof, provided that counsel of record for each party may maintain a copy of any briefs, excerpts of record, or other material filed with or presented to the court in this action.

    c. Within 90 days after termination of this action, meaning the issuance of an order of dismissal or final judgment that is no longer subject to appeal, the non-public administrative record(s) that the EPA has provided to the parties shall be destroyed or returned to the EPA by counsel of record or in-house counsel for the receiving parties.

    d. Absent extraordinary circumstances, a motion to de-designate or to seal will not be entertained if the motion is filed after final termination of this action.

9. **Oral Argument**

    a.  Except as otherwise ordered by the court, the court will not close oral argument to the public in any type of case, including this action, even when the cases themselves or the briefs or excerpts of record have been filed under seal. A party seeking a closed hearing shall move for such extraordinary relief at least 14 days prior to the scheduled argument date and explain with specificity why such relief is required and whether any less extraordinary alternative is available.

IT IS SO STIPULATED.

ATTACHMENT A

Certification

I, _____, hereby certify under penalty of

perjury that I have received a copy of and read the Protective Order Governing

Confidentiality relating to the confidentiality of information in *Farmworker*

*Justice, et al. v. EPA, et al.*, No. 25-8118 (9th Cir.) and, I agree to, and will, keep

information confidential in accordance with the terms of said Protective Order

Governing Confidentiality.


_____          _____

Date                                 Name


                                     _____

                                     Signature


14

ATTACHMENT B

Affirmation of Non-Multinational Status

This affirmation is required by the EPA interim procedures to implement Section 10(g) of the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136h(g).

I have requested access to information submitted by an applicant or registrant under the Federal Insecticide, Fungicide, and Rodenticide Act (7 U.S.C. 136 et seq.) to the EPA.  I hereby affirm that:

(1) I am not a business, or other entity engaged in the production, sale, or distribution of pesticides in countries other than the United States or in addition to the United States; and I am not an employee or agent of any such business or entity;

(2) I do not seek access to the information for purposes of delivering it or offering it for sale to any such business or entity or to any of its employees or agents;

(3) I will not purposefully deliver the information (or negligently cause it to be delivered) to any such entity or to any of its employees or agents.

I am aware that I may be subject to criminal penalties under 18 U.S.C. § 1001 if I have made any statement of material facts knowing that such statement is false or if I willfully conceal any material fact.

15

_____          _____

Date                             Name


_____

Organization


_____

Address


                                 _____

                                 Signature


_____

Client name or organization (if requesting access on behalf of someone else)

16