**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | | |
|---|---|---|
| FARMWORKER JUSTICE, PESTICIDE ACTION & AGROECOLOGY NETWORK (PAN) NORTH AMERICA, and CENTER FOR FOOD SAFETY, | ) | Case No. 25-8118 |
| *Petitioners,* | ) | Agency No. EPA-HQ-OPP-2022-0003-0082 Environmental Protection Agency |
| v. | ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and LEE ZELDIN, in his official capacity as Administrator, | ) | |
| *Respondents,* | ) | |
| SYNGENTA CROP PROTECTION, LLC, | ) | |
| *Intervenor-Respondents.* | ) | |

## PETITIONERS' MOTION TO HOLD CASE IN ABEYANCE

Petitioners Farmworker Justice, Center for Food Safety, and Pesticide Action & Agroecology Network (PAN) North America respectfully move to hold this case in abeyance pending EPA's review of additional proposed uses of the active ingredient at issue, cyclobutrifluram, with a status report or proposed briefing schedule due in six months. Petitioners have conferred with Respondent EPA, which takes no

position at this time, as elaborated below. Counsel for Intervenor-Respondent Syngenta Crop Protection, LLC stated that Syngenta intends to file a response.

Petitioners request this stay for the following reasons:

1. This action challenges EPA's November 3, 2025 registration of active ingredient cyclobutrifluram under the Federal Insecticide Fungicide and Rodenticide Act (FIFRA). Dkt 1.1. Along with the new active ingredient, EPA also registered one technical and four end use products containing cyclobutrifluram, for use on romaine lettuce, as seed treatment on soy and cotton, and for non-food uses like turfgrass. *Id.* Exhibit A.

2. On December 29, 2025, Petitioners petitioned this Court for review of that registration action. Dkt 1.1. Syngenta, owner of the pesticide registrations, was granted intervention in the case on March 3, 2026. Dkt 10.1. EPA produced the administrative record in April, and the briefing schedule was extended to begin October 22, 2026, in part due to lead counsel for Petitioners needing a substantial medical leave over the summer. Dkts 30.1; 31.1.

3. On June 29, 2026, EPA announced Syngenta's application for numerous new uses of cyclobutrifluram and tolerance levels for the same.[1] These

---

[1] 91 Fed. Reg. 40962, https://www.regulations.gov/document/EPA-HQ-OPP-2026-1783-0001.

include a wide range of food uses, including produce that is directly consumed, including vegetables, fruit, tree nuts, cereal grains, sugarcane, peanuts, and animal products like eggs, milk, and animal fats. EPA took public comment (period ending on August 5, 2026), and as with the cyclobutrifluram active ingredient registration, Petitioners commented on these proposed new uses.

4. Although the timing and outcome of EPA's review are uncertain, EPA has stated in communications that "based on the applications EPA received, and the schedule set out in 7 U.S.C. § 136w-8, the review will take at least 12 months from the present time, but likely longer given the number of proposed new uses involved." Petitioners seek the opportunity to assess whether any approval of those new uses may warrant an amended petition or related challenge. Petitioners believe the requested abeyance is necessary to ensure a full and efficient review of this new active ingredient and all its approved uses.

5. An abeyance will conserve the parties' resources as well as the Court's during the time EPA needs to finish its review of these proposed new uses.

6. Petitioners conferred with counsel for EPA, who have indicated that: "EPA is not taking a position at this time on the requested abeyance. However, at this time, it is unclear whether circuit court jurisdiction would be appropriate with respect to any future action it may take on Syngenta's other applications."

7. As to this Court's jurisdiction over any future EPA approvals of new uses for cyclobutrifluram, Petitioners point the Court to FIFRA's judicial review provision, which states:

> In the case of actual controversy as to the validity of *any order* issued by the Administrator *following a public hearing*, any person who will be adversely affected by such order and who had been a party to the proceedings may obtain judicial review by filing in the United States *court of appeals* for the circuit wherein such person resides or has a place of business, within 60 days after the entry of such order, a petition praying that the order be set aside in whole or in part.

7 U.S.C. § 136n(b) (emphasis added). This Court interprets the "public hearing" requirement in FIFRA broadly, including public notice and comment. *See Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*, 960 F.3d 1120, 1132 (9th Cir. 2020) (holding EPA's orders registering three dicamba herbicides followed a "public hearing" because it arose from notice and comment held prior to a related earlier registration decision).

8. Petitioners conferred with counsel for Syngenta, which stated that Syngenta intends to file a response to this motion.

9. Accordingly, Petitioners ask the Court to hold this case in abeyance, with a status report or proposed amended briefing schedule due six months after the stay order.

Respectfully submitted October 15, 2026.

s/ Amy van Saun
Amy van Saun
2009 NE Alberta Street, Suite 207
Portland, OR 97211
T: (971) 271-7372
avansaun@centerforfoodsafety.org

*Counsel for Petitioners*