**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FARMWORKER JUSTICE, PESTICIDE ACTION & AGROECOLOGY NETWORK (PAN) NORTH AMERICA, and CENTER FOR FOOD SAFETY,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY; and LEE ZELDIN, in his official capacity as Administrator,<br><br>*Respondents*,<br><br>SYNGENTA CROP PROTECTION, LLC,<br><br>*Intervenor-Respondent*. | Case No. 25-8118 |

**RESPONSE IN OPPOSITION TO PETITIONERS' MOTION TO HOLD CASE IN ABEYANCE**

Intervenor-Respondent Syngenta Crop Protection, LLC ("Syngenta") respectfully submits this opposition to Petitioners' motion to hold this case in abeyance ("Motion"). Dkt. 44.1.

## INTRODUCTION

One week before Petitioners' opening brief is due—and nearly four months after EPA announced Syngenta's application for additional uses of cyclobutrifluram

(the "New Uses Application")[1]—Petitioners ask this Court to stay this matter indefinitely, pending EPA's decision on this separate application that will give rise to an independent agency action. By Petitioners' own account, EPA has informed them that the pending decision on the New Uses Application is at least 12 months away "but likely longer"—with no definite timeline—and any future challenge to that decision may not even be reviewable in this Court. Motion at 3. Importantly, EPA has only acknowledged receipt of the application; it has not indicated how it intends to act or on what basis. EPA's ultimate decision on the New Uses Application may therefore never bear on the EPA action at issue in this proceeding.

Petitioners' late-breaking request does not satisfy this Court's standard for abeyance, and the Court should deny the Motion for three independent reasons. First, the open-ended abeyance Petitioners seek—an initial six-month period, renewable indefinitely against a review EPA says will likely exceed a year—is precisely the kind of indefinite stay this Court has cautioned against. Second, the balance of hardships favors Syngenta, which faces concrete commercial harm from prolonged uncertainty over the validity of its registration, while Petitioners identify no cognizable hardship from proceeding with litigation they chose to bring. Third, EPA's still-pending review of the New Uses Application will neither narrow nor

[1] EPA, Pesticide Product Registration; Receipt of Applications for New Uses (April 2026), 91 Fed. Reg. 41018 (July 6, 2026).

assist the Court in deciding the issues already before it, and Petitioners' own Motion acknowledges that any resulting challenge may not even be reviewable by this Court.

## BACKGROUND

On November 3, 2025, pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), EPA granted Syngenta's application to register cyclobutrifluram, a new contact nematicide and fungicide.[2] EPA simultaneously registered five pesticide products containing cyclobutrifluram for a range of uses, including application on romaine lettuce, seed treatment on soy and cotton, and non-food uses such as turf and ornamentals. *Id.*

On December 29, 2025, Petitioners filed a petition in this Court seeking review of EPA's registration decision. Dkt. 1.1. The Court subsequently granted Syngenta's motion to intervene to protect its interests as the manufacturer, distributor, and sole registrant of cyclobutrifluram. Dkt. 17. Since then, the briefing schedule has been extended twice. In April 2026, after EPA produced the administrative record, the Court granted the parties' joint motion to reset the briefing schedule, setting Petitioners' opening brief due on July 14, 2026. In June 2026, the Court granted Petitioners' unopposed motion for a 100-day extension, moving the opening brief deadline to October 22, 2026. Dkt. 31.

---

[2] *See* EPA, *Memorandum Supporting Final Decision to Approve Registration for the New Active Ingredient of Cyclobutrifluram*, at 1 (Nov. 3, 2025), https://downloads.regulations.gov/EPA-HQ-OPP-2022-0003-0082/content.pdf.

On July 6, 2026, EPA announced receipt of, and solicited public comment on, Syngenta's application to register new uses for cyclobutrifluram. 91 Fed. Reg. at 41018-19. On August 5, 2026, Petitioners submitted comments on EPA's notice.[3] Despite their early engagement with the New Uses Application, Petitioners waited another two months to file their Motion requesting that the Court hold this case in abeyance pending EPA's decision on that application.

**ARGUMENT**

As the party seeking a stay, Petitioners "bear[] the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Petitioners' Motion, however, neither acknowledges this burden nor makes any meaningful attempt to carry it. Instead, Petitioners simply assume that the pendency of a separate, uncertain agency proceeding entitles them to an indefinite reprieve from prosecuting the very case they initiated. It does not.

In deciding whether to hold a matter in abeyance, this Court weighs three non-exclusive factors: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to

[3] Comments in Opposition to EPA's Registration of Cyclobutrifluram for Numerous New Uses (Aug. 5, 2026), https://www.regulations.gov/comment/EPA-HQ-OPP-2026-1783-0006.

result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Each of these factors weighs against abeyance here.

## I. An abeyance would unduly delay resolution of this suit.

This Court has cautioned that "stays should not be indefinite in nature," *Dependable Highway Express, Inc. v. Navigators Insurance Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), and that a "stay should not be granted unless it appears likely the other proceeding[] will be concluded within a reasonable time," *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Petitioners' abeyance request is inconsistent with both principles. EPA has informed Petitioners that its review of the New Uses Application "will take at least 12 months from the present time, but likely longer given the number of proposed new uses involved." Motion at 3. There is thus no firm end date—and no basis to conclude that EPA's review will be completed within a reasonable time. Yet Petitioners ask the Court to hold this case in abeyance with a status report due in six months, *id.* at 1, 4—a reporting date that EPA's review will inevitably outlast, requiring further extension with no determinate endpoint. That is precisely the type of indefinite, open-ended stay this Court has disfavored.

The need for prompt resolution is further reinforced by the statutory timeline Congress established for seeking judicial review of EPA actions under FIFRA.

Section 16(b) requires that a petition for review be filed within sixty days of the entry of the at-issue order. 7 U.S.C. § 136n(b). That compressed filing deadline reflects the congressional judgment that challenges to pesticide registration decisions that were subject to public comment should be brought—and resolved—expeditiously, so that neither the registrant nor the public is left in prolonged uncertainty regarding the validity of a registration. *See Nat. Res. Def. Council v. NRC*, 666 F.2d 595, 602 (D.C. Cir. 1981) (statutory time limits "protect[] the reliance interests" of those affected by the challenged agency action); *see also Eagle-Picher Indus., Inc. v. EPA*, 759 F.2d 905, 911 (D.C. Cir. 1985) (statutory time limits "reflect a deliberate congressional choice to impose statutory finality on agency orders, a choice [courts] may not second-guess") (internal quotation marks and citation omitted). Holding this case in abeyance for a year or more so that Petitioners can assess whether they may raise a challenge to a future agency action would be fundamentally at odds with that statutory design. The Court should not permit Petitioners to indefinitely suspend a ripe challenge to an existing FIFRA registration while they await the outcome of a separate agency decision that may not bear on this case or ever give rise to a proceeding within this Court's jurisdiction.

## II. The balance of hardships weighs against abeyance.

Petitioners identify no hardship if this case proceeds on the schedule already set by the Court. Syngenta, by contrast, faces concrete and ongoing commercial

harm as long as this litigation remains pending. Syngenta makes substantial investment decisions—regarding manufacturing capacity, supply chain infrastructure, and distribution networks—premised on the continued validity of the registration of cyclobutrifluram. An indefinite abeyance would force Syngenta to operate under a cloud of legal uncertainty that could directly impede future business decisions and arrangements and harm Syngenta's reputation among the growers who rely on its products to protect their crops. *See* Syngenta Motion to Intervene (Dkt. 10.1) at 6, 10. Customers may choose other products over those whose registrations remain under indefinite legal challenge, undermining Syngenta's ability to recoup the significant financial resources it invested in bringing cyclobutrifluram to market.

Where there is "even a fair possibility" that a stay will cause damage, Petitioners must make a "clear case of hardship" in being required to go forward. *Landis*, 299 U.S. at 255. Petitioners have not come close to meeting that burden. Their sole justification—that they wish to "assess *whether any* approval" of "new uses" for cyclobutrifluram "*may* warrant an amended petition or related challenge"—is entirely speculative and amounts to nothing more than litigation convenience. Motion at 3 (emphasis added). Petitioners do not contend that the issues are unripe, or that proceeding would prejudice them in any cognizable way. They seek only to defer litigation they themselves initiated in the hope that future,

uncertain developments may yield a more favorable posture. This Court should not reward that wait-and-see strategy.

Granting abeyance would impose all the costs of prolonged uncertainty on Syngenta while affording Petitioners an indefinite reprieve from prosecuting their own case. There is no basis for suspending this challenge for over a year, at minimum, on the speculative possibility that a separate agency action of uncertain timing, scope, and outcome may somehow benefit Petitioners. The balance of hardships weighs decisively against abeyance.

## III. EPA's pending decision will not simplify or resolve the issues in this case.

Abeyance is inappropriate where the pending proceeding on which it is sought "is unlikely to decide, or to contribute to the decision of, the factual and legal issues before the [] court." *Lockyer*, 398 F.3d at 1113. That is precisely the case here. Petitioners provide no explanation for how EPA's pending decision on the New Uses Application would simplify or assist the Court in resolving any issue in this case.

To the contrary, proceeding with this case would advance judicial efficiency. Both the registration at issue here and the New Uses Application concern the same active ingredient and depend on the same core toxicological and environmental fate data. The human health and ecological risk assessments underlying the current

registration[4]—which Petitioners themselves have challenged in both their comments on the at-issue registration decision and EPA's notice of receipt of the New Uses Application—will necessarily form the scientific foundation for EPA's evaluation of the New Uses Application. This Court's analysis of those assessments will inform EPA's pending review. Resolution of this case could thus narrow the grounds available for any subsequent challenge to that decision—or foreclose such a challenge entirely if the Court upholds the assessments in full.

Petitioners, for their part, have made no contrary showing. They do not explain how EPA's pending decision on the New Uses Application would narrow or resolve any issue currently before this Court, nor how it could otherwise assist the Court in resolving this action—as in the cases where the Court has sustained a stay of proceedings or abeyance. *See, e.g.*, *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1086 (9th Cir. 2024) (upholding stay where another court "must address issues identical to those presented in this action," thereby narrowing the issues before the court); *CMAX, Inc.*, 300 F.2d at 269 (upholding stay where administrative

[4] *See* n.2, *supra*; *see also* Center for Food Safety Comments on Proposed Decision to Register Cyclobutrifluram (May 6, 2025), https://www.regulations.gov/comment/EPA-HQ-OPP-2022-0003-0072; Earthjustice, California Rural Legal Assistance Foundation, Farmworker Justice, PAN (Pesticide Action and Agroecology Network) North America, and Toxic Free North Carolina Comments on Proposed Registration for the New Active Ingredient Cyclobutrifluram (May 6, 2025), https://www.regulations.gov/comment/EPA-HQ-OPP-2022-0003-0067.

enforcement proceeding "will provide a means of developing comprehensive evidence bearing upon the highly technical [] questions . . . likely to arise in th[is] case"). Petitioners can point to no analogous circumstance here because the outcome of EPA's review of the New Uses Application remains entirely uncertain. *See* 91 Fed. Reg. at 41018 ("Notice of receipt of the[] application[] does not imply a decision by the Agency[.]").

Petitioners' own stated rationale further underscores this uncertainty. Their abeyance request rests on the "opportunity" to assess whether a potential, future challenge to a separate agency decision might bear on the issues raised in this litigation. Motion at 3. But the mere possibility of a future related proceeding does not constitute a basis for delay; it simply confirms that Petitioners may have a separate avenue of challenge available to them if and when EPA acts on the New Uses Application (as provided in FIFRA's judicial review provision, 7 U.S.C. § 136n). That prospect provides no reason to suspend resolution of the challenge already pending before this Court. Petitioners cite no precedent for holding a case in abeyance on so speculative a basis, and this Court should decline the invitation to establish one.

Petitioners' efficiency and resource-conservation arguments fare no better. Petitioners assert that an abeyance "will conserve the parties' resources as well as the Court's" while EPA completes its review of the New Uses Application. Motion

at 3. That claim has it backwards. Resources are not conserved when a registration challenge is suspended indefinitely against an agency process whose timing, scope, and outcome are all uncertain. If the Court denies abeyance, the parties will brief and the Court will decide the registration challenge already before it, inform EPA's pending decision, and limit or foreclose any future challenge to that decision. In contrast, if the Court grants abeyance, nothing about the present case is resolved; the parties will instead return in six months to report on a process that may have no bearing on the challenges to this registration at all. That is not conservation of resources—it is deferral, at Syngenta's expense, with no assurance that anything will have been saved.

## IV. Jurisdictional uncertainty forecloses abeyance.

Petitioners' motion reveals a further, independent reason to deny abeyance: EPA itself has informed Petitioners that "it is unclear whether circuit court jurisdiction would be appropriate with respect to any future action it may take on Syngenta's other applications." Motion at 3. The implications of that concession are significant. Petitioners ask this Court to suspend the present challenge so that they may assess developments in a separate agency proceeding—yet it remains uncertain whether the future decision on the New Uses Application would be reviewable in this Court, much less that it could be consolidated with or otherwise bear upon this case.

Petitioners attempt to sidestep that uncertainty by suggesting that this Court's jurisdiction could attach under FIFRA section 16(b), 7 U.S.C. § 136n(b), *if* EPA publishes its decision on the New Uses Application for notice and comment. *See* Motion at 4. But EPA has made no such commitment, and FIFRA does not require it to do so. *See* 7 U.S.C. § 136a(c)(4) (requiring only that EPA publish notice of *receipt of an application* to register a new active ingredient or new use, not that the agency subject its ultimate decision to notice-and-comment procedures). The decision whether to proceed by notice and comment rests entirely within the agency's discretion,[5] and Petitioners offer no basis to assume EPA will exercise that discretion in a manner that would confer jurisdiction on this Court. Should EPA issue its decision on the New Uses Application without providing the opportunity for notice and comment, any challenge to that decision would be reviewable only in the federal district courts. 7 U.S.C. § 136n(a).

This uncertainty further undercuts Petitioners' claim that abeyance would promote judicial efficiency. If a future challenge to EPA's new-use decision were to proceed in a different court, before a different panel, or were never filed at all, then

---

[5] EPA, Public Participation Process for Registration Actions, https://www.epa.gov/pesticide-registration/public-participation-process-registration-actions (last updated Mar. 5, 2026) (noting that FIFRA requires notice-and-comment only when EPA (1) receives an application for registration of a new active ingredient or use pattern, (2) intends to cancel a registration, or (3) receives a request for voluntary cancellation). EPA may nonetheless "offer[] additional opportunities for public engagement beyond those" required by FIFRA. *Id.*

nothing about delaying this case would have simplified, consolidated, or otherwise advanced the administration of justice.

## CONCLUSION

For the foregoing reasons, Syngenta respectfully requests that the Court deny Petitioners' motion to hold this case in abeyance.

Dated: October 20, 2026

Respectfully submitted,

/s/ *Kirsten L. Nathanson*

Kirsten L. Nathanson
Daniel W. Wolff
Lynn T. Phan
CROWELL & MORING LLP
600 Fifth Street, NW
Washington, DC 20004
(202) 624-2500
KNathanson@crowell.com
DWolff@crowell.com
LPhan@crowell.com

*Counsel for Intervenor-Respondent Syngenta Crop Protection, LLC*

## CERTIFICATE OF COMPLIANCE

The foregoing response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,692 words, excluding those parts exempted by Fed. R. App. P. 32(f).

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Times New Roman Font.

/s/ *Kirsten L. Nathanson*
Kirsten L. Nathanson