**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FARMWORKER JUSTICE, PESTICIDE ACTION & AGROECOLOGY NETWORK (PAN) NORTH AMERICA, and CENTER FOR FOOD SAFETY, *Petitioners,* | ) Case No. 25-8118 |
| v. | ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and LEE ZELDIN, in his official capacity as Administrator, *Respondents,* | ) |
| SYNGENTA CROP PROTECTION, LLC, *Intervenor-Respondents.* | ) |

**DECLARATION OF AMY VAN SAUN IN SUPPORT OF CENTER FOR FOOD SAFETY, ET AL. PETITIONERS' MOTION TO EXTEND BRIEFING SCHEDULE**

I, Amy van Saun, hereby declare as follows:

1. I am lead counsel for Petitioners Center for Food Safety and Pesticide Action & Agroecology Network North America in the above-captioned case. I have personal knowledge of the facts stated herein.

2. Good cause exists for an 85-day extension for Petitioners to file their opening brief, from the current deadline of October 22, 2026, to January 15, 2027, with commensurate extensions for the answering and reply briefs: Federal Respondents' answering brief would be due April 15, 2027, Intervenor-Respondents' answering brief due April 23, 2027, and Petitioners' reply due May 24, 2027. This is Petitioners' second extension request and is filed concurrently with, and in the alternative to, Petitioners' reply in support of motion to hold case in abeyance.

3. Additional time is necessary for Petitioners to prepare their opening brief given the dispute over Petitioners' motion to stay the case pending EPA's decision on numerous new food uses of the relevant pesticide, cyclobutrifluram. Given Intervenor-Respondent Syngenta's opposition to the proposed stay, this new briefing schedule may be required if the Court does not grant the stay motion.

4. This extension is reasonable because of competing litigation deadlines; for example, briefing in *Ctr. for Food Safety v. U.S. EPA*, No. 23-cv-1633 (D.D.C) in November. Further, given the upcoming year-end holidays, counsel on this case have planned absences.

5. No party will be prejudiced by this extension request, as the time frames are similar to the prior briefing schedule and will only push the final

deadline out by two months. And, as explained in Petitioners' reply in support of the motion to hold the case in abeyance, Intervenor-Respondent is and may continue selling its registered products for use in the 2027 season and those sales will not be affected by the proposed reset briefing schedule.

6. On October 23, 2026, I solicited the positions of the other parties on Petitioners' current request to reset the briefing schedule to the deadlines outlined above. Respondents did not provide a position, and on October 27, 2026, Intervenor-Respondents indicated they oppose the extension "consistent with [their] opposition to the motion to stay." They did not suggest any changes to the proposed schedule.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted October 27, 2026.

s/ Amy van Saun
Amy van Saun
2009 NE Alberta Street, Suite 207
Portland, OR 97211
T: (971) 271-7372
avansaun@centerforfoodsafety.org

*Counsel for Petitioners*