**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FARMWORKER JUSTICE,<br>PESTICIDE ACTION &<br>AGROECOLOGY NETWORK<br>(PAN) NORTH AMERICA, and<br>CENTER FOR FOOD SAFETY,<br><br>*Petitioners,*<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY; and<br>LEE ZELDIN, in his official capacity as<br>Administrator,<br><br>*Respondents,*<br><br>SYNGENTA CROP PROTECTION, LLC,<br><br>*Intervenor-Respondent.* | Case No. 25-8118 |

**SYNGENTA'S RESPONSE IN OPPOSITION TO PETITIONERS' MOTION TO EXTEND BRIEFING SCHEDULE**

Intervenor-Respondent Syngenta Crop Protection, LLC ("Syngenta") submits this response in opposition to Petitioners' "Motion to Extend Briefing Schedule," in which Petitioners request retroactive leave to file their already late opening brief 85 days out of time. Petitioners have not demonstrated the diligence, substantial need, or good cause required for such relief. *See* 9th Cir. R. 31-2.2(b); Fed. R. App. P.

26(b). *First*, Petitioners' motion is itself out of time: they offer no explanation for seeking leave to file the opening brief only after the deadline had already passed. *Second*, the pendency of Petitioners' abeyance motion does not constitute good cause where Petitioners waited more than three months after the purported basis for that motion arose before filing it. *Third*, Petitioners fail to adequately explain why an additional 85 days, rather than a shorter period, is necessary.

Petitioners' proposed schedule compounds these deficiencies by departing from the briefing intervals previously negotiated by the parties. Petitioners' proposal compresses the intervals preceding the United States Environmental Protection Agency's ("EPA") answering brief and Syngenta's intervenor brief while expanding the time afforded to Petitioners to file their reply brief after Syngenta's submission. That reallocation prejudices Syngenta and provides an additional, independent basis for denial.

For these reasons, Syngenta respectfully requests that the Court deny Petitioners' motion for leave to file out of time.

## I. Procedural History

On April 23, 2026, the Court granted the parties' motion to reset the briefing schedule and ordered Petitioners to file their opening brief by July 14, 2026. Dkt.

24.1. Subsequently, Petitioners filed an unopposed motion to extend the briefing schedule by 100 days (Dkt. 26.1), which the Court granted on June 26, 2026 (Dkt. 31.1). Pursuant to that briefing order, which remains in effect, Petitioners' opening brief was due October 22, 2026. *Id.*[1]

On October 15, 2026, Petitioners filed a motion to hold this case in abeyance, citing EPA's receipt of Syngenta's application to register new uses for cyclobutrifluram, the at-issue pesticide. Dkt. 44.1 at 2-3. While that motion remains pending, Petitioners failed to file their opening brief by October 22, 2026, or otherwise seek relief from that briefing deadline. Instead, on October 27, 2026, five days after the opening brief deadline, Petitioners filed a motion for leave to file their brief 85 days out of time, in the alternative to their motion to hold the case in abeyance. Dkt. 48.1. Petitioners now seek leave to file their opening brief on January 15, 2027, and propose EPA's answering brief be due April 15, 2027, Syngenta's intervenor brief be due April 23, 2027, and Petitioners' reply be due May 24, 2027. *Id.* at 1-2. Notably, this proposed briefing schedule diverges from the briefing intervals previously negotiated by the parties and reflected in the Court's April and June 2026 scheduling orders, including by reducing the interval between EPA's

[1] EPA's answering brief is currently due February 16, 2027; Syngenta's intervenor brief is due March 2, 2027; and Petitioners' optional reply brief is due March 23, 2027. Dkt. 31.1.

answering brief and Syngenta's intervenor brief from 14 days to eight days. *Compare* Dkt. 48.1 at 1-2, *with* Dkts. 24.1, 31.1.[2]

## II. Petitioners' Motion Fails to Demonstrate Diligence, Substantial Need, or Good Cause to File Their Brief 85 Days Out of Time.

A motion for an extension of time to file a brief must (1) "be filed at least 7 days before" the brief is due and (2) demonstrate "diligence and substantial need" for the requested extension. 9th Cir. R. 31-2.2(b). The Court may, "for good cause," extend the time to file a brief or permit a brief to be filed after the deadline has expired. Fed. R. App. P. 26(b). Petitioners' motion fails on each of these requirements and therefore does not justify granting the requested leave.

*First,* as to timeliness, Petitioners concede that their opening brief was due October 22, 2026. Dkt. 48.1 at 2. Yet they did not file this motion until October 27—five days after the opening brief deadline had already passed and twelve days after this Court's deadline for requesting an extension of a briefing deadline. 9th Cir. R. 31-2.2(b) (motion "shall be filed at least 7 days before" brief is due). Petitioners offer no explanation for filing their motion out of time.

[2] Petitioners' proposed schedule also reduces the interval between Petitioners' opening brief and EPA's answering brief from 95 days to 90 days.

*Second,* even setting aside the motion's untimeliness, Petitioners have not demonstrated good cause for the requested relief. Petitioners' "main basis" for seeking such leave is the pendency of their abeyance motion. Dkt. 48.1 at 2. But a pending abeyance motion does not stay the briefing schedule or relieve a party of its obligation to diligently prepare its brief while the motion remains under consideration. *See* 9th Cir. R. 27-11 (enumerating the limited category of motions that stay a briefing schedule pending the Court's disposition).

The timing of Petitioners' abeyance motion also weighs against a finding of good cause. The alleged basis for that motion—EPA's notice of receipt of Syngenta's application to register new uses for cyclobutrifluram—was published in the Federal Register on July 6, 2026. *See* Dkt. 44.1 at 3-4; *see also* EPA*, Pesticide Product Registration; Receipt of Applications for New Uses (April 2026),* 91 Fed. Reg. 41018 (July 6, 2026). Yet Petitioners waited more than three months to act, filing their abeyance motion on October 15, 2026—just seven days before their opening brief was due. Dkt. 44.1. Petitioners offer no explanation for that delay. Having waited to act, Petitioners cannot now point to the pendency of their own belated motion as good cause for missing the briefing deadline.

Petitioners' motion also fails to demonstrate their "diligence" in attempting to meet the missed briefing deadline or "substantial need" for the requested leave. 9th Cir. R. 31-2.2(b). EPA produced the administrative record in April 2026, and the Court reset the briefing schedule that same month (Dkt. 24.1), then granted Petitioners an extension in June (Dkts. 26.1, 31.1). In light of that prior extension, Petitioners must explain why, despite diligent efforts, they require yet another 85 days. *See* Circuit Advisory Committee Note to 9th Cir. R. 31-2.2 ("Multiple motions for extension of time to file a brief are disfavored" and "the Court may decline to grant relief if a successive motion fails to demonstrate diligence and substantial need."). Counsel's briefing obligation in another case and planned year-end holiday leave (*see* Dkt. 49.1 ¶ 4) are understandable scheduling considerations, but the motion does not explain why those commitments necessitate 85 additional days rather than a shorter period, or why they were not raised before the opening brief deadline passed. Without such explanation, those considerations do not establish the diligence and substantial need required for the requested leave. *See* 9th Cir. R. 31-2.2 ("A conclusory statement as to the press of business does not constitute a showing of diligence and substantial need.").

### III. Petitioners' Proposed Schedule Unjustifiably Departs from the Agreed-Upon Briefing Intervals and Prejudices Syngenta.

Petitioners' proposed schedule also departs from the staggered briefing intervals previously agreed upon by the parties, compressing the time afforded to EPA and Syngenta to prepare their respective briefs while expanding Petitioners' own reply period. That proposed reallocation provides an additional reason to deny the requested leave.

In April 2026, the parties jointly moved to reset the briefing schedule based on agreed-upon intervals: 95 days between Petitioners' opening brief and EPA's answering brief,[3] 14 days between EPA's answering brief and Syngenta's intervenor brief, and 21 days between Syngenta's intervenor brief and Petitioners' reply. *See* Dkt. 23.1 at 2. When Petitioners moved to extend the briefing schedule in June, their proposed schedule—developed with input from EPA and Syngenta—maintained and, in certain respects, extended those intervals to account for the year-end holidays. *See* Dkt. 26.1 (proposing 117 days between Petitioners' opening brief and EPA's answering brief, 14 days between EPA's answering brief and Syngenta's

[3] Because the 95th day after Petitioners' opening brief deadline fell on a Saturday, EPA's answering brief was due 97 days after that deadline, consistent with Fed. R. App. P. 26(a)(1)(C).

intervenor brief, and 21 days between Syngenta's intervenor brief and Petitioners' reply). Petitioners' current proposal departs from that framework and disproportionately benefits Petitioners at EPA's and Syngenta's expense: it reduces the interval between Petitioners' opening brief and EPA's answering brief from 95 days to 90, shortens the interval between EPA's answering brief and Syngenta's intervenor brief from 14 days to just eight, and expands Petitioners' own reply period from 21 days to 31. *Compare* Dkt. 48.1 at 1-2, *with* Dkts. 24.1, 31.1.

Despite these changes, Petitioners' supporting declaration asserts that "[n]o party will be prejudiced" because "the time frames are similar to the prior briefing schedule" and "will only push the final deadline out by two months." Dkt. 49.1 ¶ 5. That assessment overlooks Syngenta's need for adequate time to review EPA's brief and prepare a focused submission that accounts for EPA's arguments without duplicating them. Nearly halving that review period would materially prejudice Syngenta, regardless of the effect on the overall schedule. Where, as here, the proposed schedule reallocates time away from a non-moving party and toward the movant, the motion cannot fairly be characterized as non-prejudicial—and the Court should decline to accept that characterization.

## CONCLUSION

For the foregoing reasons, Syngenta respectfully requests that the Court deny Petitioners' "Motion to Extend Briefing Schedule" (Dkt. 48.1).[4]

Dated: November 5, 2026

Respectfully submitted,

/s/ *Kirsten L. Nathanson*
Kirsten L. Nathanson
Daniel W. Wolff
Lynn T. Phan
CROWELL & MORING LLP
600 Fifth Street, NW
Washington, DC 20004
(202) 624-2500
KNathanson@crowell.com
DWolff@crowell.com
LPhan@crowell.com

*Counsel for Intervenor-Respondent Syngenta Crop Protection, LLC*

[4] If the Court denies Petitioners' motion to hold this case in abeyance, Syngenta would propose that the Court set Petitioners' opening brief deadline as it deems appropriate and preserve the parties' previously agreed-upon briefing intervals by setting (i) EPA's answering brief deadline 95 days after Petitioners' opening brief deadline; (ii) Syngenta's intervenor brief deadline 14 days after EPA's answering brief deadline; and (iii) Petitioners' optional reply brief deadline 21 days after Syngenta's intervenor brief deadline, with all deadlines computed in accordance with Federal Rule of Appellate Procedure 26(a).

**CERTIFICATE OF COMPLIANCE**

The foregoing response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,667 words, excluding those parts exempted by Fed. R. App. P. 32(f).

This response also complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point, Times New Roman font.

*/s/ Kirsten L. Nathanson*
Kirsten L. Nathanson